IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

        Respondant,

v.                                    CRIMINAL  ACTION  NO.  3:94-0082

RICHARD GRAVELY

        Movant.

**ORDER**

Pending before the Court is Richard Gravely's Motion Pursuant to Rule 35 for Correction of Illegal Sentence (Doc. 147) and Richard Gravely's Request for an Evidentiary Hearing (Doc. 152). The Court **DENIES** each of these motions.

**Gravely's Motion to Correct Illegal Sentence**

Richard Gravely has filed a motion under Rule 35, to correct an illegal sentence. He cites the rule as permitting a correction of sentence at any time. Gravely argues that because he was unrepresented on a robbery conviction, the charge should not have counted against his criminal history. He contends that without this conviction he would have fallen within category II of the sentencing guidelines, instead of being given career offender status, and would have faced a recommended prison term 169 months shorter than that which he received.

Gravely's motion was referred to Magistrate Judge Taylor, who has filed Proposed Findings and Recommendations (Doc. 150). In those recommendations Judge Taylor notes that a former

version of Rule 35 allows for the correction of an illegal sentence at any time, but that the current version limits relief to motions filed within seven days of sentencing.  The seven day time limit applies to all sentences imposed for offenses committed before November 1, 1987.  *See* Proposed Findings and Recommendations (Doc. 150) (citing *United States v. Landrum*, 93 F.3d 122,125 (4th Cir. 1996).  Because Gravely was subject to the seven day limit and did not comply with it, Judge Taylor recommended denial of the motion.

Gravely objects to Magistrate Judge Taylor's Findings and Recommendations on grounds that a time limit is inapplicable.  He cites *United States v. Addonizio*, 442 U.S. 178, 189 (1979) for support.  Because his objections were timely, the Court must review the issue *de novo.*  Fed. R. Civ. P. 72.

The Court first notes that *Addonizio* was decided on June 4, 1979, and thus could not have addressed the effect of a 1987 amendment to the Federal Rules of Criminal Procedure.  Indeed, the language referred to by the Court makes clear that the Court was dealing with a portion of the rule that has now been changed.  *Compare Addonizio* 442 U.S. at 189 *with* Fed. R. Crim. P. 35.  As Gravely points out, the *Addonizio* Court referred to the time period within Rule 35 as "jurisdictional." *Id.*  The full quotation also makes clear that the time period "may not be extended." *Id.* A rule limiting this Court's jurisdiction is not one it is at liberty to disregard.  The Court must agree with Judge Taylor, for the reasons just explained and those stated in his Findings and Recommendations. As such, the Court **ADOPTS** them in their entirety and **DENIES** Gravely's motion to correct an illegal sentence.

## Gravely's Request for Evidentiary Hearing

Also pending is Gravely's request for an evidentiary hearing (Doc. 152).  In this motion he

claims that the Court failed to make a required evidentiary ruling in his initial habeas petition, filed June 5, 1995. One of Gravely's original arguments for relief was that his constitutional rights were infringed when officers searched his trunk without a warrant. He also complains of error at trial due to this search and attempts to cover it up. In the Order denying habeas relief to Gravely the Court made clear that the alleged illegal search of the trunk had no bearing on the issues in Gravely's criminal trial because no items from the trunk were introduced into evidence. The Court resolved that matter long ago and Gravely's recent request for an evidentiary hearing has no merit. The motion is **DENIED**.

## Conclusion

For the above stated reasons, Richard Gravely's Rule 35 motion (Doc. 147) and Request for Evidentiary Hearing (Doc. 152) are both **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshal's Service.

ENTER: April 9, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE